# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 26, 2013

## KAREN DEONNE STAMPS v. ROY DENTON STAMPS, JR.

**Appeal from the Chancery Court for Williamson County**
**No. 37591      Timothy L. Easter, Judge**

_____

**No. M2012-02512-COA-R3-CV - Filed December 19, 2013**

_____

FRANK G. CLEMENT, JR., J., dissenting.

I respectfully, but with a lack of total commitment, disagree with the majority's decision to reverse the trial court's denial of Wife's motion to alter or amend and to remand this matter for the trial court to further consider the motion.

I am of the belief the trial court did all it was required to do; that being, to consider the motion and rule upon it. The trial court was not required to hold a hearing and it was not required to make specific findings of fact to support its decision. Thus, I cannot conclude that the trial court erred in the manner by which it considered the motion. I am also unable to conclude that the decision to deny the motion constitutes an abuse of discretion by the trial court, believing that reasonable minds could differ on whether to deny the motion to alter or amend or to grant it and to modify the Marital Dissolution Agreement in a fashion to redress the concerns raised by Wife.

On the other hand, my less than committed view in this matter is based on the conduct of the parties, which is a recurring predicament for trial courts in domestic litigation, especially when each spouse goes through a series of attorneys.

I find Wife's unabashed reliance on Husband's admittedly uncertain answers in his August 24, 2012, deposition to questions posed by her then attorney, Russ Heldman, pertaining to the value of the Douglas Bend rental property in Gallatin and others, which he described as "guesstimates," almost inexcusable. However, while Husband admitted his estimates of the value of his properties were mere guesses, he did not provide complete or candid responses to the status of the tenancy and the condition of the property, albeit the questions regarding the condition of the property were not surgical. The foregoing notwithstanding, what concerns me is whether Husband's answers to questions regarding the

status of the tenancy were or were not honest answers when given. Moreover, if they were correct when the questions were answered, which was on August 24, 2012, what, if anything, did Husband know that constituted substantive and material changes to the correctness of his answers prior to the mediation, which occurred and was agreed upon on September 5, 2012. I mention this because Husband, like any party, had a continuing duty to supplement his discovery responses if and when he knew the tenant was vacating the premises. Tennessee Rule of Civil Procedure 26.05 provides, in pertinent part:

> A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired, except as follows:
>
> * * *
>
> (2) *A party is under a duty seasonably to amend a prior response if the party obtains information upon the basis of which the party* (A) knows that the response was incorrect when made; or (B) *knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.*

(Emphasis added).

In his deposition, Husband testified "There was a lease purchase on that [the property but] I don't believe [it] is going to be executed but - there's a tenant in there." He then identified Larry Courtright as the tenant and stated that he pays $1,600 a month in rent, but "He is not really good about it." However, Husband did not mention what Mr. Courtright revealed in his affidavit, which is that he had repeatedly told Husband he planned to leave the premises if major problems - electrical, plumbing, etc. - were not promptly remedied. Thus, while I do not believe it appropriate to reverse and remand this case, since it is being remanded, I am confident the trial court shall consider these facts along with all other appropriate facts and legal principles in ruling on the motion to alter or amend.

For the foregoing reasons, I respectfully dissent with the decision to reverse.

_____
FRANK G. CLEMENT, JR., JUDGE